# CIRCUIT COURT OF BALTIMORE CITY

Filed June 12, 1901.

HENRY POLENK AND AUGUSTA POLENK, HIS WIFE,

VS.

MARYLAND TELEPHONE COMPANY.

*T. J. Schaumloeffel* and *W. H. Harrison, Jr.,* for plaintiffs.

*Williams & Bond* and *William L. Marbury* for defendant.

DENNIS, J.—

I consider the following propositions to be well established law in this State, under the decisions of our Court of Appeals:

■ A party who owns the bed of a street, subject to its use as a public highway (whether such use was acquired by dedication by the original owner, or by condemnation by public authority) has the right to the remedy by injunction when a corporation organized for purely commercial purposes (such as is the defendant) undertakes to invade his premises and erect a permanent fixture, such as the telephone pole in this case was designed to be, and his right to the remedy by injunction is not defeated although the corporation may be acting under express authority from the Legislature, and although every provision of such authorizing act regulating the right, location, etc., of the pole may be strictly conformed to. This conclusion rests upon the following propositions. Our State Constitution forbids the taking of private property for public uses, without compensation being first made or tendered, or without condemnation proceedings, (in which latter event, the award of damages must be paid before the property is taken). When a street has been condemned for a public highway damages are allowed the land owner for its use as such highway by the public, and for no other use; hence it cannot be subjected to a further public use, without a new condemnation awarding damages for such additional use, for to do so would amount to a *taking* of the property without compensation, within the meaning of the constitutional inhibition; and to prevent such *taking of property,* an injunction will lie.

■ Where the abutting owner does not own the bed of the street, but has only the use of it in common with the public as a highway, then when a corporation acting under proper authority and observing the prescribed regulations undertakes to erect a structure upon the sidewalk, or otherwise interfere with it in a manner which spe-

cially injures the premises of the abutting owner, although he cannot enjoin the erection because it does not amount to a *taking of his property*, he is entitled to recover in an *action at law all damages* which he can show he has sustained by reason of such injury.

In the present case the plaintiff did not own the bed of the street, but his property was bounded by the line of the street; hence there was no *taking of* his property, within the meaning of the constitutional provision, by the erection of the pole in question, and an injunction will not lie, but the plaintiff will be left to recover by suit at law all damages he has sustained.